UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE DUNBAR, BK9159,<br><br>Plaintiff,<br><br>v.<br><br>A. DAHLBERG, et al.,<br><br>Defendant(s). | Case No. 23-cv-00905-SK  (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, a prisoner at Pelican Bay State Prison (PBSP), has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging use of excessive force by four correctional officers. Plaintiff specifically alleges that on July 14, 2022, correctional officers A. Dahlberg, Ortiz, Cavazos and Avalla used excessive force against him when they unnecessarily "smash[ed] my face into the ground," "chok[ed] me . . . until I was unconscious" and "appl[ied] various submission type of locks on my arms and legs" after "I [had] complied with the order" to get on the ground "in a prone position on my stomach." ECF No. 1 (Compl.) at 8. Plaintiff adds that Dahlberg "came back over and began punching and kicking my ribs on the left side, and then began trying to break or seriously injure my arms and legs as I was [then] handcuffed." Id.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

It is well established that whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Liberally construed, plaintiff's allegations appear to state an arguably cognizable claim under § 1983 for use of excessive force in violation of the Eighth Amendment against the named correctional officers and they will be ordered served.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    The following defendant(s) shall be served:

    a.    A. Dahlberg, correctional officer at PBSP;

    b.    Ortiz, correctional officer at PBSP;

    c.    Cavasos, correctional officer at PBSP; and

    d.    Avalla, correctional officer at PBSP.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The clerk shall serve by mail a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United

1  States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be
2  reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the
3  notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge
4  jurisdiction consent or declination to consent form to the California Attorney General's Office,
5  which, within 21 days, shall file with the court a waiver of service of process for the defendant(s)
6  who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction
7  consent or declination to consent form as to the defendant(s) who waived service.

8  Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each
9  defendant who has not waived service according to the CDCR Report of E-Service Waiver a
10 USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 form and copies
11 of this order, summons, operative complaint and notice of assignment of prisoner case to a
12 magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent
13 form for service upon each defendant who has not waived service.  The clerk also shall provide to
14 the USMS a copy of the CDCR Report of E-Service Waiver.

15  2. In order to expedite the resolution of this case, the court orders as follows:

16  a. No later than 90 days from the date of this order, defendants shall serve and
17 file a motion for summary judgment or other dispositive motion.  A motion for summary judgment
18 must be supported by adequate factual documentation and must conform in all respects to Federal
19 Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming
20 from the events at issue.  A motion for summary judgment also must be accompanied by a Rand
21 notice so that plaintiff will have fair, timely and adequate notice of what is required of him in
22 order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice
23 requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served
24 concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust
25 available administrative remedies (where such a motion, rather than a motion for summary
26 judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice.  Stratton
27 v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out
28 in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v.

3

1   Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to

2   dismiss for failure to exhaust available administrative remedies).

3         If defendants are of the opinion that this case cannot be resolved by summary judgment or

4   other dispositive motion, they shall so inform the court prior to the date their motion is due. All

5   papers filed with the court shall be served promptly on plaintiff.

6         b.      Plaintiff must serve and file an opposition or statement of non-opposition to

7   the dispositive motion not more than 28 days after the motion is served and filed.

8         c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of

9   the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

10  must do in order to oppose a motion for summary judgment. Generally, summary judgment must

11  be granted when there is no genuine issue of material fact – that is, if there is no real dispute about

12  any fact that would affect the result of your case, the party who asked for summary judgment is

13  entitled to judgment as a matter of law, which will end your case. When a party you are suing

14  makes a motion for summary judgment that is properly supported by declarations (or other sworn

15  testimony), you cannot simply rely on what your complaint says. Instead, you must set out

16  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

17  as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations

18  and documents and show that there is a genuine issue of material fact for trial. If you do not

19  submit your own evidence in opposition, summary judgment, if appropriate, may be entered

20  against you. If summary judgment is granted, your case will be dismissed and there will be no

21  trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

22        Plaintiff also is advised that a motion to dismiss for failure to exhaust available

23  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

24  prejudice. You must "develop a record" and present it in your opposition in order to dispute any

25  "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315

26  F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you

27  did exhaust your available administrative remedies before coming to federal court. Such evidence

28  may include: (1) declarations, which are statements signed under penalty of perjury by you or

1  others who have personal knowledge of relevant matters; (2) authenticated documents –

2  documents accompanied by a declaration showing where they came from and why they are

3  authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

4  in your complaint insofar as they were made under penalty of perjury and they show that you have

5  personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to

6  exhaust, the court can decide disputed issues of fact with regard to this portion of the case.

7  Stratton, 697 F.3d at 1008-09.

8  (The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve

9  said notices again concurrently with motions to dismiss for failure to exhaust available

10  administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

11  d. Defendants must serve and file a reply to an opposition not more than 14

12  days after the opposition is served and filed.

13  e. The motion shall be deemed submitted as of the date the reply is due.  No

14  hearing will be held on the motion unless the court so orders at a later date.

15  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

16  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

17  before the parties may conduct discovery.

18  4. All communications by plaintiff with the court must be served on defendants, or

19  defendants' counsel once counsel has been designated, by mailing a true copy of the document to

20  defendants or defendants' counsel.

21  5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

22  and all parties informed of any change of address and must comply with the court's orders in a

23  timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule

24  of Civil Procedure 41(b).

25  **IT IS SO ORDERED**.

26  Dated: April 26, 2023



SALLIE KIM
United States Magistrate Judge