United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDDIE DUNBAR,

        Plaintiff,

   v.

A. DAHLBERG, et al.,

        Defendants.

Case No. 23-cv-00905-AMO (PR)

**NOTICE REGARDING INABILITY TO SERVE DEFENDANT AVALLA**

This Order addresses issues regarding service in Plaintiff Eddie Dunbar's above-captioned action. Service has been ineffective on Defendant Correctional Officer Avalla. The Court has been informed that the California Department of Corrections and Rehabilitation was "unable to identify" Defendant Avalla. Dkt. 10.

As Dunbar is proceeding *in forma pauperis*, he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990). While Dunbar may rely on service by the United States Marshal, or in this case, the procedure for requesting a defendant to waive the service requirement, "a plaintiff may not remain silent and do nothing to effectuate such service." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). When advised of a problem accomplishing service, a *pro se* litigation must "attempt to remedy any apparent defects of which [he] has knowledge." *Id.* Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 90 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a defendant in ninety days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a

showing of "good cause"); *see also Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official). Service has been attempted and has failed with respect to Defendant Avalla. Therefore, the Court directs Dunbar to provide more information as to this Defendant.

No later than **twenty-eight (28) days** from the date of this Order, Dunbar must provide the Court with the required information necessary to locate Defendant Avalla, including the full name, a first initial and/or an address. Dunbar should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to obtain the required information necessary to locate this Defendant.

If Dunbar fails to provide the Court with the required information necessary to locate Defendant Avalla within the twenty-eight-day deadline, all claims against this Defendant will be dismissed without prejudice under Rule 4(m).

If Dunbar provides the Court with aforementioned required information, service shall again be attempted. If service fails a second time, all claims against this Defendant shall be dismissed.

**IT IS SO ORDERED.**

Dated: May 21, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**